FILED
United States Court of Appeals
Tenth Circuit

December 1, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KOHLER Z. JEFFRIES,

      Petitioner-Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

      Respondents-Appellees.

No. 09-3258
(D.C. No. 5:08-CV-03005-SAC)
(D. Kansas)

**ORDER**[*]

Before **HARTZ**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

Kohler Z. Jeffries ("petitioner") asks us to grant a Certificate of

Appealability (COA), authorizing him to appeal the district court's denial of his

28 U.S.C. § 2241 petition. For the reasons set forth below, we decline to do so.[1]

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner was convicted of first-degree murder and two counts of aggravated robbery. *See Jeffries v. Roberts*, No. 08-3005-SAC, 2008 WL 341472, *1 (D. Kan. Feb. 6, 2008) ("Order"). He was given a life sentence for the murder conviction and two sentences of fifteen years to life for the aggravated robberies. The three sentences were to run consecutively. He filed a petition for a writ of habeas corpus in state court pursuant to Kan. Stat. Ann. § 60-1501, arguing that his parole eligibility had been calculated incorrectly. The trial court dismissed the petition. The Kansas Court of Appeals affirmed.

Petitioner, proceeding *pro se*, then filed a 28 U.S.C. § 2241 petition on substantially similar grounds to those raised before the state court. Upon initial review, the district court observed that Mr. Jeffries's federal habeas petition contained only state law challenges insufficient for federal habeas relief. Thus, on February 6, 2008, the district court issued a show cause order granting him thirty days to show cause why the claim should not be dismissed. On subsequent review, the district court denied the petition for failure to state a violation of federal law. Petitioner now appears *pro se* seeking to appeal to this court.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

-2-

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal alteration and quotation marks omitted).

Although the due process clause does not guarantee an inmate a right to parole, a state's parole statutes and regulations may create a liberty interest that is entitled to due process protection.  *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979).  The Kansas Supreme Court, however, has held that the Kansas parole statute does not create a liberty interest protected by the due process clause of the Fourteenth Amendment.  *See Gilmore v. Kan. Parole Bd.*, 756 P.2d 410, 415 (Kan. 1988) ("K.S.A. 1987 Supp. 22-3717 does not create a liberty interest in parole."); *see also* Kan. Stat. Ann. § 22-3717(g) (2007) ("the Kansas parole board *may* release on parole those persons . . . who are eligible for parole.") (emphasis added).  The state courts' decisions in the instant case, determining the applicable state statute governing petitioner's parole eligibility, rest on state law to which we must defer.  Because parole is discretionary in Kansas, *Gilmore*, 756 P.2d at 414-15, petitioner does not have an entitlement to parole protected by the due process clause.  *See, e.g., Jeffries v. Roberts*, No. 97,600, 2007 WL 2377303, *1 (Kan. Ct. App. Aug. 1, 2007) (unpublished opinion).

Based on the foregoing, we conclude that jurists of reason would not find it debatable whether the petition should have been resolved in a different manner.

-3-

Accordingly, we **DENY** petitioner's application for a COA.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge